UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SCOTT LANE, on his own behalf and on
behalf of his minor children, S.L. and M.L.;
and SHARON LANE, on her own and on
behalf of her minor child, C.C.
                  Plaintiffs        NUMBER: 5:14-CV-00100

VERSUS                                      JUDGE DONALD E. WALTER

SABINE PARISH SCHOOL BOARD,
SARA EBARB, in her official capacity as
Superintendent of the Sabine Parish School
District; GENE WRIGHT, in his official
capacity as Principal of Negreet High School;
and RITA ROARK, in her official capacity as
a teacher at Negreet High School
                  Defendants

**DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

NOW INTO COURT, through undersigned counsel, come Defendants, SABINE PARISH SCHOOL BOARD, SARA EBARB, GENE WRIGHT and RITA ROARK, who, for answer to the Verified Complaint of the Plaintiffs, files their Original Answer and Affirmative Defenses. In connection therewith, Defendants would show the Court as follows:

I.    **AFFIRMATIVE DEFENSES**

    1.    Defendants specifically deny any liability in this case under any of the theories of recovery articulated by Plaintiffs and further deny that Plaintiffs are entitled to any of the relief requested in their Complaint.

    2.    Notwithstanding the foregoing, Defendants assert that Plaintiffs have failed to state a claim upon which relief can be granted under the Constitution, or any other statute, constitutional theory, or legal authority.

3.   Notwithstanding the foregoing, Defendants further claim that they are entitled to a statute of limitations defense with respect to Plaintiffs' claims asserted against them to which this defense applies.

4.   Notwithstanding the foregoing, Defendants assert that this Court lacks jurisdiction over this controversy or over individual claims, as Plaintiffs lack standing.

5.   Notwithstanding the foregoing, Defendants assert that they did not deprive Plaintiffs of any constitutionally protected rights.

6.   Notwithstanding the foregoing, Defendants further assert their right to mitigation of damages and to the extent the Plaintiffs have failed to mitigate, minimize or abate any damages which they have allegedly suffered, that their damages, if any, be adjusted accordingly.

7.   Notwithstanding the foregoing, Defendants assert their right to raise additional defenses that become apparent throughout discovery and other factual development of this case.

II.   **ORIGINAL ANSWER**

Subject to and without waiving the foregoing defenses, Defendants deny each and every allegation contained in Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 8(b), except those expressly admitted herein.  Defendants respond to the corresponding sections of paragraphs of Plaintiffs' Complaint as follows:

**INTRODUCTION**

1.   Defendants admit that Negreet High School is located in Sabine Parish, Louisiana, and that it serves students in kindergarten through twelfth grade.  Defendants

admit that a painting of Jesus Christ hangs in the school. All other allegations of fact contained within Paragraph 1 of Plaintiffs' Complaint are denied and Defendants expressly deny that their actions are unlawful or unconstitutional.

2. Defendants admit that C.C. was enrolled in the sixth grade at Negreet High School. Defendants deny that C.C. is a Buddhist of Thai descent for lack of sufficient information to justify a belief therein. All other allegations of fact contained within Paragraph 2 of Plaintiffs' Complaint are denied and Defendants expressly deny that any of their actions were unlawful or unconstitutional.

3. Defendants admit that Scott and Sharon Lane had a meeting with Sara Ebarb, the Superintendent of Schools for Sabine Parish. All other allegations of fact contained within Paragraph 3 of Plaintiffs' Complaint are denied as written and Defendants deny that their actions were unlawful or unconstitutional.

4. Defendants deny the allegations of fact contained within Paragraph 4 of Plaintiffs' Complaint and deny that their actions were unlawful or unconstitutional.

5. Defendants deny the allegations of fact contained within Paragraph 5 of Plaintiffs' Complaint and deny that their actions were unlawful or unconstitutional.

**JURISDICTION AND VENUE**

6. Defendants admit the allegations of fact contained within Paragraph 6 of Plaintiffs' Complaint.

7. Defendants admit the allegations of fact contained within Paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit the allegations of fact contained within Paragraph 8 of Plaintiffs' Complaint but deny that any of its practices are unlawful or unconstitutional.

**PARTIES**

9. Defendants deny the allegations of fact contained within Paragraph 9 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

10. It is admitted that C.C. is a student currently enrolled in the Sabine Parish School District. It is further admitted that, from August 8, 2013, through September 3, 2013, C.C. was enrolled as a student at Negreet. All other allegations of fact contained within Paragraph 10 of Plaintiffs' Complaint are denied and Defendants deny that their actions were unlawful or unconstitutional.

11. Defendants deny the allegations of fact contained within Paragraph 11 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein and expressly deny that any of their practices were unlawful or unconstitutional.

12. Defendants deny the allegations of fact contained within Paragraph 12 of Plaintiffs' Complaint and deny that their actions were unlawful or unconstitutional.

13. It is admitted that Sara Ebarb allowed C.C. to transfer to another school in the Sabine Parish School District. It is further admitted that the Lanes agreed to C.C.'s transfer. All other allegations of fact contained within Paragraph 13 of Plaintiffs' Complaint are denied as written and Defendants deny that any of their actions were unlawful or unconstitutional.

14. It is admitted that C.C. is currently enrolled at Many Junior High School. All other allegations of fact contained within Paragraph 14 of Plaintiffs' Complaint are denied and Defendants deny that their actions were unlawful or unconstitutional.

15. Defendants deny that its conduct was unlawful or unconstitutional. Defendants deny that its conduct caused C.C. to suffer "substantial anguish" or that its

conduct "caused the family to take on additional financial and administrative burdens in order to transport C.C. each day more than 25 miles to a different school than his siblings." All other allegations of fact contained within Paragraph 15 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

16. Defendants deny that the allegations of fact contained within Paragraph 16 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein and deny that any of their customs, policies, or practices were unlawful or unconstitutional.

17. Defendants deny that they made "repeated efforts to impose their religious beliefs on students in the form of official prayer, displays of religious iconography, and other religious activities." It is further denied that school officials disparaged C.C. All other allegations of fact contained within Paragraph 17 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein and Defendants deny that their actions were unlawful or unconstitutional.

18. Defendants deny that their policies and practices promote religious beliefs and deny that any policies and practices impeded Scott Lane's right to control his children's religious education and upbringing free from governmental intrusion or interference. All other allegations of fact contained within Paragraph 18 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein and Defendants deny that their actions were unlawful or unconstitutional.

19. Defendants deny that they had a "longstanding custom, policy, and practice of promoting and inculcating Christian beliefs by sponsoring and encouraging prayer, proselytizing students, and imposing other religious messages and iconography on them." Defendants further deny that any such custom, policy, and practice remains in place that

will continue to cause Plaintiffs to suffer these harms through the school year and beyond. All other allegations of fact contained within Paragraph 19 of Plaintiffs' Complaint are denied and Defendants deny that their actions were unlawful or unconstitutional.

20. The allegations of fact contained within Paragraph 20 of Plaintiffs' Complaint are admitted as written, but Defendants contend that those allegations do not fully and completely detail all of the duties and responsibilities of the Sabine Parish School Board. Further answering, Defendants deny that their actions were unlawful or unconstitutional.

21. The allegations of fact contained within Paragraph 21 of Plaintiffs' Complaint are admitted as written, but Defendants contend that those allegations do not fully and completely detail all of Sara Ebarb's duties and responsibilities. Defendants further assert that Plaintiffs have failed to state a claim upon which relief can be granted under the Constitution, or any other statute, constitutional theory or legal authority against Sara Ebarb in her official capacity.

22. Defendants admit the allegations of fact contained within Paragraph 22 of Plaintiffs' Complaint as written, but contend that those allegations do not fully and completely detail the duties and responsibilities of Gene Wright. Further answering, Defendants assert that Plaintiffs have failed to state a claim upon which relief can be granted under the Constitution, or any other statute, constitutional theory or legal authority against Gene Wright in his official capacity.

23. The allegations of fact contained within Paragraph 23 of Plaintiffs' Complaint are admitted as written, but contend that those allegations do not fully and completely detail the duties and responsibilities of Rita Roark. Further answering, Defendants assert that Plaintiffs have failed to state a claim upon which relief can be granted under the

Constitution, or any other statute, constitutional theory or legal authority against Rita Roark in her official capacity.

24. Defendants deny the allegations of fact contained within Paragraph 24 of Plaintiffs' Complaint. Further answering, Defendants deny that their actions were unlawful or unconstitutional.

### ADDITIONAL FACTUAL ALLEGATIONS

25. Defendants deny the allegations of fact contained within Paragraph 25 of Plaintiffs' Complaint. Further answering, Defendants deny that their actions were unlawful or unconstitutional.

26. Defendants deny the allegations of fact contained within Paragraph 26 of Plaintiffs' Complaint.

A. **Defendant Roark's Unlawful Promotion of Religion and Denigration of Minority Faiths During Science Class**

27. Defendants deny the allegations of fact contained within Paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny the allegations of fact contained within Paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the allegations of fact contained within Paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny the allegations of fact contained within Paragraph 30 of Plaintiffs' Complaint.

31. Defendants admit the allegations of fact contained within Paragraph 31 of Plaintiffs' Complaint. Further answering, Defendants assert that this question is no longer included on any test administered by Rita Roark.

32. It is admitted that Rita Roark placed a question mark on C.C.'s test regarding this particular question. All other allegations of fact contained within Paragraph 32 of Plaintiffs' Complaint are denied.

33. Defendants deny the allegations of fact contained within Paragraph 33 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

34. Defendants deny the allegations of fact contained within Paragraph 34 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

35. It is admitted that Rita Roark put a question mark on a question on the test administered to C.C. that was answered "Lord Boda [sic]." All other allegations of fact contained within Paragraph 35 of Plaintiffs' Complaint are denied.

36. Defendants deny the allegations of fact contained within Paragraph 36 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

B. **Defendant's Refusal to Stop Roark's Unlawful Activities**

37. It is admitted that Scott and Sharon Lane had a meeting with Sara Ebarb, the Superintendent of Schools of the Sabine Parish School Board. All other allegations of fact contained within Paragraph 37 of Plaintiffs' Complaint are denied.

38. It is admitted that Scott and Sharon Lane had a meeting with Sara Ebarb, the Superintendent of Schools of the Sabine Parish School Board. All other allegations of fact contained within Paragraph 38 of Plaintiffs' Complaint are denied.

39. Defendants deny that the direct quotes contained within Paragraph 39 of Plaintiffs' Complaint, which are attributable to Sara Ebarb, are true or, in the alternative, contend that they are taken out of context. Defendants specifically deny that Sara Ebarb indicated that "Plaintiffs should not be bothered by Roark's in-class proselytization" and categorically deny that Ms. Ebarb questioned C.C.'s faith or asked "whether he could 'change' his faith." Further answering, Defendants deny that their actions were unlawful or unconstitutional.

40. It is admitted that Sara Ebarb offered to transfer C.C. to Many Junior High School, because Many Junior High School was more diverse and did, in fact, have a larger Asian student population. Further answering, Defendants assert that the distance from Plaintiffs' residence to Many Junior High School is not appreciatively further than the distance from Plaintiffs' residence to Negreet High School. It is admitted that Defendants did not offer to provide school bus transportation or funds to cover Plaintiffs' expense of transporting C.C. to the new school, as Defendants are under no legal duty to do so. As such, Defendants assert that Plaintiffs have failed to state a claim upon which relief can be granted under the Constitution, or under any other statute, constitutional theory, or legal authority as to expenses for transportation of C.C. from his residence to Many Junior High School.

41. The allegations of fact contained within Paragraph 41 of Plaintiffs' Complaint are denied.

42. Defendants deny the allegations of fact contained within Paragraph 42 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein. Further answering, Defendants assert that the distance from Plaintiffs' residence to Many Junior

High School is not appreciatively further than the distance from their residence to Negreet High School.  Further answering, Defendants assert that Plaintiffs have failed to state a claim upon which relief can be granted under the Constitution, or any other statute, constitutional theory, or legal authority as to their allegations that they are owed for expenses for transporting C.C. to Many Junior High School.

      C.      **Roark's Continued Promotion of Religious Beliefs**

43.      Defendants deny the allegations of fact contained within Paragraph 43 of Plaintiffs' Complaint.

44.      Defendants deny the allegations of fact contained within Paragraph 44 of Plaintiff' Complaint.

45.      It is admitted that Rita Roark included the question "Isn't it amazing what the Lord has made" at the bottom of exams and assignments and that she gave five bonus points for the correct answer.  Further answering, Defendants assert that this practice has been discontinued.  It is denied that Rita Roark "demands the students write a Bible verse." All other allegations of fact contained within Paragraph 45 of Plaintiffs' Complaint are denied.

46.      The allegations of fact contained within Paragraph 46 of Plaintiffs' Complaint are denied.  Further answering, Defendants assert that Ms. Roark simply referenced some factual, historical findings such as the discovery of the wall of Jericho.

47.      The allegations of fact contained within Paragraph 47 of Plaintiffs' Complaint are denied.

D.  **Displays of Religious Iconography and Messages at Negreet**

48. Defendants deny the allegations of fact contained within Paragraph 48 of Plaintiffs' Complaint.

49. The allegations of fact contained within Paragraph 49 of Plaintiffs' Complaint are admitted. Further answering, Defendants assert that "We believe that: God exists" has been removed from the website.

50. It is admitted that a painting of Jesus Christ hangs inside Negreet High School. All other allegations of fact contained within Paragraph 50 of Plaintiffs' Complaint are denied.

51. The allegations of fact contained within Paragraph 51 of Plaintiffs' Complaint are admitted. Further answering, Defendants assert that these Bible verses were submitted by the Fellowship of Christian Athletes.

52. Defendants deny the allegations of fact contained within Paragraph 52 of Plaintiffs' Complaint as written. Further answering, Defendants assert that such posters were displayed in the hallways of Negreet High School, but these posters have been removed.

53. The allegations of fact contained within Paragraph 53 of Plaintiffs' Complaint are denied as written. Further answering, Defendants assert that the posters referenced in this paragraph were displayed, but have been removed.

54. Defendants deny the allegations of fact contained within Paragraph 54 of Plaintiffs' Complaint.

55. Defendants deny the allegations of fact contained within Paragraph 55 of Plaintiffs' Complaint.

11

### E. School-Sponsored Prayer & Distribution of Religious Literature in Class and at School Events

56. Defendants deny the allegations of fact contained within Paragraph 56 of Plaintiffs' Complaint.

57. The allegations of fact contained within Paragraph 57 of Plaintiffs' Complaint are denied as written.

58. Defendants deny the allegations of fact contained within Paragraph 58 of Plaintiffs' Complaint as written. Further answering, Defendants assert that the Drug Abuse Resistance Education (D.A.R.E.) assembly was not conducted by Principal Gene Wright, Negreet High School or the Sabine Parish School Board. Rather, this program was supervised and led by the Sabine Parish Sheriff's Department. Further answering, it is admitted that a prayer occurs before the annual Class Ring Ceremony; however, Defendants deny that student attendance at the Class Ring Ceremony is compulsory. Further answering, Defendants deny that their actions were unlawful or unconstitutional.

59. Defendants deny the allegations of fact contained within Paragraph 59 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

60. Defendants admit that a prayer was given at the Veterans Day ceremony. Defendants deny that this assembly featured video presentations set to Christian pop music.

61. Defendants admit that Negreet High School has a "See You at the Pole" event. Defendants deny that attendance at this event is compulsory.

62. Defendants admit that, in the past, some athletic events at Negreet High School have opened with a prayer. Defendants deny that all athletics events at Negreet

High School have opened with a prayer and contend that none of the athletic events at Negreet High School during this school year have opened with a prayer.

63. Defendants deny the allegations of fact contained within Paragraph 63 of Plaintiffs' Complaint.

64. It is admitted that one faculty member at Negreet High School had New Testament Bibles in his classroom, which were free for any student who wished to take one. Further answering, Defendants contend that this faculty member began this practice after the death of his daughter. Defendants deny that this faculty member distributed religious literature to his students or otherwise coerced his students to take a copy.

F. **Official Promotion of Religion at Many Junior High School**

65. Defendants admit that some football games at Many Junior High School begin with a prayer. All other allegations of fact contained within Paragraph 65 of Plaintiffs' Complaint are denied.

66. Defendants admit that school assemblies begin by a student-led prayer. Defendants also admit that the Veterans Day celebration begins with a prayer from a veteran.

67. The allegations of fact contained within Paragraph 67 of Plaintiffs' Complaint are denied.

68. Defendants admit that C.C.'s teacher read his class the book entitled "The Legend of the Candy Cane." Defendants deny that this story is inherently about the birth of Christ. Defendants admit that, in one portion of the story, the author indicates that candy canes are shaped like a "J" to symbolize Jesus. However, Defendants deny that the story is overtly religious in nature.

13

**CLAIM FOR RELIEF: ESTABLISHMENT CLAUSE VIOLATION**

69. Defendants deny the allegations of fact contained within Paragraph 69 of Plaintiffs' Complaint.

70. Defendants deny the allegations of fact contained within Paragraph 70 of Plaintiffs' Complaint.

71. Defendants deny the allegations of fact contained within Paragraph 71 of Plaintiffs' Complaint.

72. Defendants deny the allegations of fact contained within Paragraph 72 of Plaintiffs' Complaint.

73. Defendants deny the allegations of fact contained within Paragraph 73 of Plaintiffs' Complaint.

74. Defendants deny the allegations of fact contained within Paragraph 74 of Plaintiffs' Complaint.

75. Defendants deny the allegations of fact contained within Paragraph 75 of Plaintiffs' Complaint.

76. Defendants deny the allegations of fact contained within Paragraph 76 of Plaintiffs' Complaint and denies that Plaintiffs' fundamental constitutional rights have been denied.

**RELIEF REQUESTED**

77. Defendants deny that Plaintiffs are entitled to any relief whatsoever.

WHEREFORE, DEFENDANTS, SABINE PARISH SCHOOL BOARD, SARA EBARB, GENE WRIGHT AND RITA ROARK, PRAY that this Answer be deemed good and sufficient and that, after legal delays and due proceedings are had, there be judgment herein in favor of Defendants dismissing Plaintiffs' claims with prejudice and at Plaintiffs' cost. Defendants further pray for all equitable relief as may be proper and this court competent to grant.

      Respectfully submitted,

      HAMMONDS, SILLS, ADKINS & GUICE, L.L.P.
      1881 Hudson Circle
      Monroe, Louisiana 71201
      (318) 324-0101 - Telephone
      (318) 322-5375 - Facsimile


      BY:    s/ Neal L. Johnson, Jr.
               NEAL L. JOHNSON, JR., #23149

      ATTORNEYS FOR DEFENDANTS,
      SABINE PARISH SCHOOL BOARD,
      SARA EBARB, GENE WRIGHT AND
      RITA ROARK

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Defendants' Original Answer and Affirmative Defenses has this date been forwarded to all counsel for Plaintiffs, by depositing same in the United States mail with sufficient postage affixed thereto and properly addressed to them as follows:

| | |
|---|---|
| Mr. Justin P. Harrison<br>ACLU Foundation of Louisiana<br>P.O. Box 56157<br>New Orleans, LA 70156 | Mr. Daniel Mach<br>Ms. Heather L. Weaver<br>ACLU Program on Freedom of Religion<br>And Belief<br>915 15th Street, NW<br>Washington, DC 20005 |

Mr. Nelson Cameron
ACLU Foundation of Louisiana
675 Jordan Street
Shreveport, LA 71101

Monroe, Louisiana, this 11th day of February, 2014.

                                                               s/Neal L. Johnson, Jr.
                                                        NEAL L. JOHNSON, JR.